IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § <br>     Plaintiff, § <br> § <br> vs. § <br> § <br> DAVID KEITH WILLS, § <br>     Defendant. § | Crim. No. 2:17-cr-390 (01) |

### GOVERNMENT'S TRIAL BRIEF REGARDING BUSINESS RECORDS[1]

Both the United States and Defendant David Keith Wills have included purported business records on their exhibit lists. The United States files this brief regarding the "business records" exception to hearsay and the "business records" certification in order to explain its basis for objecting to some of the purported business records on Defendant's exhibit list, as identified in more detail below.

**A.    Legal Standard: FRE 803(6)-(7)**

Federal Rule of Evidence 803(6)-(7) provides exceptions to hearsay for "records of a regularly conducted activity" and "absence of a record of a regularly conducted activity." This allows a written record—an out-of-court statement—to be admitted as substantive evidence of the truth of the matter(s) asserted within the written record itself. For a written record to qualify as a record of a regularly

---

[1] This trial brief concerns the legal issue briefed in Defendant's Advisory to the Court, filed on September 4, 2019. (D.E. 458.)

1

conducted activity, commonly referred to as "business record," the following criteria must be met:

(A) the record was made at or near the time by—or from information transmitted by—someone with knowledge;

(B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit; [and]

(C) making the record was a regular practice of that activity[.]

FRE 803(6)(A)-(C).

The criteria listed above can be proven by testimony of a person with knowledge; by a certification that complies with Rule 902(11);[2] or by a certification that complies with a statute permitting certification. *See* FRE 803(6)(D). But even if all the criteria are met and have been proven up, whether by testimony or by written certification, by a person with sufficient knowledge, the business records hearsay exception is not available for business records when "the source of the information or the method or circumstances of preparation indicate a lack of trustworthiness." FRE 803(6)(E).

The reasoning behind the business records exception to hearsay is that businesses and organizations have an incentive, outside of litigation, to keep

---

[2] Rule 902(11) concerns the certification of domestic business records. There is another rule for certification of foreign business records—Rule 902(12)—but none of the records in this case come from a foreign source.

accurate records.  As other circuits have recognized, this reasoning cannot and should not be applied to "information received rather than created by the business . . . unless they are verified by the business and thus adopted and become the business's own [records]."  *United States v. Santos*, 201 F.3d 953, 963 (7th Cir. 2000).

The Fifth Circuit has stated that Rule 803(6) "does not require that the records be prepared by the business which has custody of them."  *United States v. Veytia-Bravo*, 603 F.2d 1187, 1191 (5th Cir. 1979).  But the hallmark remains whether the circumstances which led to the custodian's possession of the records indicate their inherent trustworthiness.  *Id*. at 1191-92.  For example, "business records produced by another but integrated into the records offering them are admissible."  *Chilmark Fin. Co., LLC v. Spinks Joint Venture*, 87 F.3d 1312, 1996 WL 335548, at *1 (5th Cir. 1996).  Or, as stated in the authority submitted by Defendant, inherent trustworthiness can be shown when a custodian of a received record "rel[ies] on these records in conducting business."  *United States v. Duncan*, 919 F.2d 981, 987 (5th Cir. 1990).

These authorities do not mean that the Fifth Circuit has abandoned the requirements of Rule 803(6).  Keeping in mind that the appellate standard of review for evidentiary decisions is abuse-of-discretion, *see Duncan*, 919 F.2d at 985, the Fifth Circuit has simply declined to countermand a trial court's decision to admit

3

business records under Rule 803(6) when there is no indication that the records should be distrusted. For example, the Fifth Circuit found no abuse of discretion in the admission of the following documents under Rule 803(6):

- A promissory note in the custody a tertiary buyer of the note which had not been authenticated by intermediary buyers. *See Chilmark*, 87 F.3d at *1.

- Financial records in the custody of the FDIC, which came into the custody of the FDIC as a result of its takeover of the insolvent bank that created the records. *See FDIC v. Howeth*, 46 F.3d 65, *2 (5th Cir. 1995) (per curiam).

- Business records of insurance companies that were created in part by compiling information from the business records of hospitals, when the "[h]ospitals and insurance companies rely on these records in conducting business." *See Duncan*, 919 F.2d at 986-87.

- Records of ammunitions and firearms sales in the custody of the ATF, which had been submitted to ATF by a gun store that had gone out of business. *See Veytia-Bravo*, 603 F.3d at 1188 & 1192.

**B.   Defendant's Improper Use of FRE 803(6)-(7)**

Several of Defendant's exhibits are accompanied by business records affidavits from records custodians at businesses that did not create the records, but received them at some point in time from someone else—often, from Defendant himself—in circumstances that are not sufficient to vouchsafe the trustworthiness of the records. Such records should not be accepted as business records of the

custodians currently designated, even if the custodians have the records in their possession.

For example, Defense Exhibits 88, 96, and 97[3] are real property closing files and housing rental paperwork "proven up" by affidavits executed by Stephen La Pointe on behalf of La Pointe & Company P.C. The government understands this records custodian to be a Certified Public Accountant business that counts Defendant among its clients. On the face of the exhibits, it does not appear that these records were created by Mr. La Pointe, or by any employee of Mr. La Pointe. While Mr. La Pointe may have relied upon portions of the documents to perform his work for Defendant, he did not "adopt" the records *as his own* in the way that Rule 803(6) contemplates. Therefore, Mr. La Pointe cannot establish that the records meet the hearsay exception of Rule 803(6)-(7), nor can he certify the authenticity of the records. As a matter of discretion, the government has chosen not to challenge the admissibility of Defense Exhibit 96. (D.E. No. 443, at 10.)

Similarly, Defense Exhibits 87, 92, 93, 94, and 95 are "proven up" by affidavits also executed by Mr. La Pointe in his capacity as a custodian of records of Defendant's shrimp farming business, Global Blue Technologies (GBT). The government accepts that some of these exhibits—most notably, lease agreements

---

[3] Defense Exhibit 97 contains extensive handwritten notes. The author of the handwritten notes is not clear but may be Defendant himself.

and other contractual documents concerning GBT's business activities—were either created by or adopted by GBT. Consequently, the government has no objection to Defense Exhibits 92, 94, and 95, which were accompanied by a valid records affidavit from GBT. (D.E. 443, at 9.)

But other exhibits were not created by or adopted by GBT. As with Mr. La Pointe's accounting practice, it appears that some of the records were submitted to GBT in circumstances not sufficient to vouchsafe for their inherent trustworthiness.

The government raises this issue not to prevent Defendant from introducing evidence in support of his defense. There is time for Defendant to prove up these records using proper custodians from the businesses that created them.[4] The government raises this issue because Defendant's reliance on Mr. La Pointe and GBT to certify records not created or adopted by Mr. LaPointe and GBT appears to be a "back door" for hearsay by that could not otherwise be admitted into evidence without Defendant or other witnesses taking the stand and being subject to cross-examination.

Defense Exhibit 93 demonstrates the danger in accepting such records through FRE 803(6). *See* Exhibit A, *attached*. On the document, someone has written

---

[4] This step may not be necessary in every instance. To the extent that Defendant wishes to put into evidence documents that are also on the government's exhibit list, Defendant may rely on the certifications obtained by the government. For example, the Omni Hotels & Resorts folio contained in Defense Exhibit 93 has been certified by the proper records custodian in Government Exhibit 35.

"dinner w/ Aquilino GBT [illegible]." Ostensibly, the only two people with direct knowledge of (1) who was present at the dinner and (2) what was discussed are David Wills and John Aquilino. If the handwritten notation is not from Defendant or Mr. Aquilino, it is likely from someone who heard it from Defendant or Mr. Aquilino. Whether or not GBT accepted this representation and reimbursed Defendant does not transform the representation itself into a regularly conducted activity of GBT.

The government respectfully requests, in accordance with FRE 803(6)-(7) and FRE 902(11), that the Court exclude any purported business record offered by Defendant that is not proven up by someone with knowledge, either from a business that created it or from a business that adopted it and made it one of their own internal records. The following exhibits should therefore be excluded unless live testimony or a certification proving up the records is received from a proper custodian of records: Defense Exhibits 87, 88, 93, and 97.

                        Respectfully submitted,
                        RYAN K. PATRICK
                        United States Attorney

By:   */s/ Stephanie Bauman*
       Zahra Jivani Fenelon
       Stephanie Bauman
       Richard W. Bennett
       Assistant United States Attorneys
       (713) 567-9000

## CERTIFICATE OF SERVICE

I certify that on the 8th day of September, 2019, a copy of the foregoing pleading was served on counsel of record via ECF filing.

*/s/ Stephanie Bauman*
Stephanie Bauman
Assistant United States Attorney