# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
Holding Session in Corpus Christi

**ENTERED**
September 30, 2020
David J. Bradley, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>**DAVID KEITH WILLS** | **JUDGMENT IN A CRIMINAL CASE**<br><br>CASE NUMBER: 2:17CR00390-SSS-001<br><br>USM NUMBER: 28155-479<br><br>Gerald Harris Goldstein, Cynthia Hujar Orr, Abasi Daudi Major, John Torrey Hunter, Terry Wayne Shamsie, John S. Gilmore, Jr., Rene Daniel Rodriguez, Dante E. Dominguez, Richard Feldman, John Stuart Gilmore, III, Martin Pinales, Debra L. Innocenti, Destiny Nacole Russell<br>Defendant's Attorney |

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☒ was found guilty on count(s) _1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16 and 18 of the Third Superseding Indictment on October 8, 2019_ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 U.S.C. §§ 1594(c), 1591(a)(1), 1591(b)(1) and (c) | Conspiracy to Commit Sex Trafficking of a Child Under the Age of 14 by Means of Force, Threat of Force, Fraud, and Coercion | 04/30/2015 | SSS1 |
| 18 U.S.C. §§ 1591(a)(1), 1591(b)(1), 1591(c), and 18 U.S.C. § 2 | Sex Trafficking of a Child Under the Age of 14 by Means of Force, Threat of Force, Fraud, and Coercion | 12/31/2012 | SSS2 |
| 18 U.S.C. § 2422(b) and (2) | Coercion and Enticement of a Minor | 09/01/2012 | SSS3 |
| 18 U.S.C. §§ 1591(a)(1), 1591(b)(1), 1591(c), and 18 U.S.C. § 2 | Sex Trafficking of a Child Under the Age of 14 by Means of Force, Threat of Force, Fraud, and Coercion | 11/19/2013 | SSS4 |
| 18 U.S.C. § 2422(b) and (2) | Coercion and Enticement of a Minor | 11/19/2013 | SSS5 |

☒ See Additional Counts of Conviction.

The defendant is sentenced as provided in pages 2 through _8_ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☒ The defendant has been found not guilty on count(s) _17 of the Third Superseding Indictment_

☒ All Count(s) _of the Underlying, Superseding, and Second Superseding Indictment_ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

September 22, 2020
Date of Imposition of Judgment

*/s/ Nelva Gonzales Ramos*
Signature of Judge

**NELVA GONZALES RAMOS**
**UNITED STATES DISTRICT JUDGE**
Name and Title of Judge

September 30, 2020
Date                                                                                                  JRG

DEFENDANT: **DAVID KEITH WILLS**
CASE NUMBER: **2:17CR00390-SSS-001**

# ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 1591(a)(1), 1591(b)(1), 1591(c), and (2) | Sex Trafficking of a Child Under the Age of 14 by Means of Force, Threat of Force, Fraud, and Coercion | 12/11/2013 | SSS6 |
| 18 U.S.C. §§ 2422(b) and (2) | Coercion and Enticement of a Minor | 12/11/2013 | SSS7 |
| 18 U.S.C. §§ 1591(a)(1), 1591(b)(1), 1591(c), and (2) | Sex Trafficking of a Child Under the Age of 14 by Means of Force, Threat of Force, Fraud, and Coercion | 01/12/2014 | SSS8 |
| 18 U.S.C. §§ 2422(b) and (2) | Coercion and Enticement of a Minor | 01/09/2014 | SSS9 |
| 18 U.S.C. §§ 1591(a)(1), 1591(b)(1), 1591(c), and (2) | Sex Trafficking of a Child Under the Age of 14 by Means of Force, Threat of Force, Fraud, and Coercion | 02/09/2014 | SSS10 |
| 18 U.S.C. §§ 2422(b) and (2) | Coercion and Enticement of a Minor | 02/09/2014 | SSS11 |
| 18 U.S.C. §§ 1591(a)(1), 1591(b)(1), 1591(c), and (2) | Sex Trafficking of a Child Under the Age of 14 by Means of Force, Threat of Force, Fraud, and Coercion | 03/02/2014 | SSS12 |
| 18 U.S.C. §§ 2422(b) and (2) | Coercion and Enticement of a Minor | 03/02/2014 | SSS13 |
| 18 U.S.C. §§ 1591(a)(1), 1591(b)(1), 1591(c), and (2) | Sex Trafficking of a Child Under the Age of 14 by Means of Force, Threat of Force, Fraud, and Coercion | 03/24/2014 | SSS14 |
| 18 U.S.C. §§ 2422(b) & (2) | Coercion and Enticement of a Minor | 03/22/2014 | SSS15 |
| 18 U.S.C. §§ 2422(b) & (2) | Coercion and Enticement of a Minor | 11/07/2014 | SSS16 |
| 18 U.S.C. §§ 1512(c)(1) & 1512(k) | Conspiracy to Commit Obstruction of Justice | 04/30/2015 | SSS18 |

DEFENDANT: **DAVID KEITH WILLS**
CASE NUMBER: **2:17CR00390-SSS-001**

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of: Life.
This term consists of Life on Counts SSS1 – SSS16, and 5 years as to Count SSS18, to be served concurrently.

☐ See Additional Imprisonment Terms.

☒ The court makes the following recommendations to the Bureau of Prisons:
The defendant be designated to a facility closest to home at Cumberland, Maryland, or FCI Petersburg or FCI Beckley in the alternative, so long as the security needs of the Bureau of Prisons are met.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____ on _____

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on _____

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/19)    Judgment in a Criminal Case
                        Sheet 3 – Supervised Release

Judgment — Page  5  of  8

| DEFENDANT: | **DAVID KEITH WILLS** |
|---|---|
| CASE NUMBER: | **2:17CR00390-SSS-001** |

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:  Life.
This term consists of Life as to each of Counts SSS1 – SSS16, and three years as to Count SSS18.

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
    - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

☒ See Special Conditions of Supervision.

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.
14. If restitution is ordered, the defendant must make restitution as ordered by the Judge and in accordance with the applicable provisions of 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663A and/or 3664. The defendant must also pay the assessment imposed in accordance with 18 U.S.C. § 3013.
15. The defendant must notify the U.S. Probation Office of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution, fines, or special assessments.

DEFENDANT: **DAVID KEITH WILLS**
CASE NUMBER: **2:17CR00390-SSS-001**

# SPECIAL CONDITIONS OF SUPERVISION

**COMPUTER**: The defendant shall not subscribe to any computer online service, nor shall the defendant access any Internet service, including access via cellular device, during the length of his/her supervision, unless approved in advance in writing by the United States Probation Officer. The defendant may not possess Internet capable software on any hard drive, disk, floppy disk, compact disk, DVD, diskette, magnetic tape, or any other electronic storage media, unless specifically approved in advance in writing by the United States Probation Officer.

**SEX OFFENDER CHILDREN PROHIBITION**: The defendant shall not reside, work, access, or loiter within 1,000 feet of school yards, parks, playgrounds, arcades, or other places primarily used by children under the age of 18, or where children may frequently congregate, unless approved in advance in writing by the United States Probation Officer. Additionally, the defendant shall not have contact with any minor child without being supervised by an adult family member of the child, unless granted permission to do so by the U.S. Probation Office. This would include athletic, religious, volunteer, civic, or cultural activities designed for minors under the age of 18.

**SEX OFFENDER CHILDREN PROHIBITION:** The defendant shall not date or cohabit with anyone who has children under the age of 18, unless approved in advance in writing by the United States Probation Officer, after full disclosure to the family.

**SEX OFFENDER TREATMENT:** You must participate in a mental health treatment program and/or sex offender treatment program provided by a Registered Sex Offender Treatment Provider, which may include but not be limited to group and/or individual counseling sessions, Abel Screen, polygraph testing and/or psycho-physiological testing to assist in treatment and case monitoring administered by the sex offender contractor or their designee. Further, you must participate as instructed and will abide by all policies and procedures of the sex offender program, until such time as you are released from the program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program, including the provider, location, modality, duration, and intensity. You will incur costs associated with such sex offender treatment program and testing, based on ability to pay as determined by the United States Probation Officer. You shall waive your right of confidentiality in any records for mental health treatment imposed as a consequence of this judgment to allow the supervising United States Probation Officer to review your course of treatment and progress with the treatment provider. If requested by the mental health provider, the Court authorizes the United States Probation Officer to provide pertinent information from the presentence investigation report and any information available from mental health evaluations that are in the possession of the probation officer.

**SEX OFFENDER REGISTRATION and NOTIFICATION ACT REQUIREMENTS (Mandatory Condition):** You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense.

**ACCESS TO FINANCIAL RECORDS/NEW CREDIT PROHIBITION**: The defendant is required to provide the probation officer access to any requested financial information. If a fine or restitution amount has been imposed, the defendant is prohibited from incurring new credit charges or opening additional lines of credit without approval of the probation officer, unless the defendant is in compliance with the fine or restitution payment schedule.

Judgment — Page 7 of 8

DEFENDANT: **DAVID KEITH WILLS**
CASE NUMBER: **2:17CR00390-SSS-001**

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Restitution** | **Fine** | **AVAA Assessment**[1] | **JVTA Assessment**[2] |
|---|---|---|---|---|---|
| **TOTALS** | $1,700 | $172,000 | $85,000 | $ | $ |

The Special Assessment of $100 is ordered as to each of Counts SSS1 – SSS16, and SSS18, for a total of $1,700.

☐ See Additional Terms for Criminal Monetary Penalties.

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☒ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss**[3] | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Jane Doe | $172,000 | $172,000 | 100% |

☐ See Additional Restitution Payees.

| **TOTALS** | | $ | $ |
|---|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement $_____

☒ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the  ☐ fine  ☐ restitution.

  ☐ the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

☐ Based on the Government's motion, the Court finds that reasonable efforts to collect the special assessment are not likely to be effective. Therefore, the assessment is hereby remitted.

---

[1] Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
[2] Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
[3] Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: **DAVID KEITH WILLS**
CASE NUMBER: **2:17CR00390-SSS-001**

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ☐  Lump sum payment of $_____ due immediately, balance due

   ☐  not later than _____, or
   ☐  in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

B  ☒  Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☒ F below); or

C  ☐  Payment in equal _____ installments of $_____ over a period of _____, to commence _____ after the date of this judgment; or

D  ☐  Payment in equal _____ installments of $_____ over a period of _____, to commence _____ after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☒  Special instructions regarding the payment of criminal monetary penalties:

   Payable to:   Clerk, U.S. District Court
                 Attn: Finance
                 1133 N Shoreline Blvd, Ste 208
                 Corpus Christi, TX 78401

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒  Joint and Several

**Case Number**
**Defendant and Co-Defendant Names**
**(including defendant number)**

| Case Number / Defendant | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|
| Maria Candelaria Losoya 2:17CR000390-002 | $172,000 | $172,000 | |

☐  See Additional Defendants and Co-Defendants Held Joint and Several.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.