UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|   Plaintiff/Respondent, | § | |
| | § | |
| v. | § | CRIMINAL NO. 2:17-390-1 |
| | § | CIVIL NO. 2:24-112 |
| DAVID KEITH WILLS, | § | |
|   Defendant/Movant. | § | |

**MEMORANDUM OPINION & ORDER**

Pending before the Court is Defendant/Movant David Keith Wills' Motion to Alter or Amend Judgment (D.E. 848), wherein he moves the Court to reconsider its February 10, 2025 Memorandum Opinion & Order and Final Judgment denying his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 846, 847). For the reasons stated herein, Movant's motion is **DENIED**.

**I. BACKGROUND**

Movant was convicted by a jury of: (1) one count of conspiracy to commit sex trafficking of a child; (2) seven counts of sex trafficking of a child; (3) eight counts of coercion and enticement of a minor (one of which was "attempted"); and (4) one count of conspiracy to commit obstruction of justice by destroying his computer. Relevant to his current motion, the sexual assault nurse examiner (SANE) who examined the victim testified for the Government at trial that she observed "a well-healed tear noted at 4:00 o'clock on the hymen." 9/24/2019 Trial Tr., D.E. 528 at 146:19-20. The SANE was not able to conclude what caused the injury to the girl's hymen; however, the injury was

"consistent with some type of penetration of the hymen" and "consistent with the history that [the victim] provided." *Id.* at 148:25–149:11.

Movant was sentenced to life imprisonment for the sex crimes and five years for conspiracy to obstruct justice, to run concurrently. He raised numerous arguments on direct appeal, all of which the Fifth Circuit rejected. *United States v. Wills*, 40 F.4th 330 (5th Cir. 2022). His conviction became final when the Supreme Court denied his petition for a writ of certiorari on November 21, 2022. *Wills v. United States*, 143 S. Ct. 464 (2022).

On April 30, 2024, Movant filed a motion under 28 U.S.C. § 2255 alleging that the Government violated *Brady v. Maryland*, 373 U.S. 83 (1963), and his due process rights by knowingly "presenting erroneous clinical conclusions masquerading as forensic evidence." D.E. 834, p. 10. Movant complained that the SANE's testimony regarding a "well-healed tear" to the victim's hymen was "not based upon any reasonable medical theory" and that the Government knowingly presented this false testimony at trial. *Id.*

In an attempt to circumvent the one-year statute of limitations for filing a motion under 28 U.S.C. S 2255(f)(1), Movant argued that his motion was based on "newly discovered evidence"—a letter dated August 21, 2023, that he received from his trial counsel. D.E. 844-1. Attached to the letter was an undated Memorandum of Disclosure issued by Bexar County, Texas Criminal District Attorney Joe D. Gonzales (the "Memo") that counsel had received "in another case." *Id.* The Memo cited a study published in 2007 by the American Academy of Pediatrics (the "2007 Study") that "concluded that torn or injured hymens do not leave scars." D.E. 834, Ex. A. The Memo further disclosed that,

before 2013, State of Texas witness Dr. Nancy Kellogg—who did not testify at Movant's trial—had previously testified that a scar on a victim's hymen was indicative of abuse; however, "in 2013 Dr. Kellogg told the Bexar County Criminal District Attorney's Office that her initial claims at the trial have now been shown to be outdated and that she would not testify the same way now." *Id.* Counsel's letter informed Movant that "we could possibly do a writ of habeas corpus based on newly discovered evidence; evolving science." D.E. 844-1.

The Government moved to dismiss Movant's Section 2255 motion as time barred because it was filed more than one year after his conviction became final. In response, Movant argued that "[t]he Memo makes clear that since 2013, not only has the government been in possession of this critical medical data, but they also knew their own expert witness could not and would not testify in any manner contradictory to that critical data. . . . Therefore, it is the Memo, not the Study, which starts the § 2255 clock." D.E. 844, p. 2.

The Court rejected Movant's argument, explaining, "The crux of his motion is that the United States knew or should have known the SANE testified falsely based on the 2007 Study's conclusion that 'torn or injured hymens do not leave scars.' The issue therefore turns on when the 2007 Study—not the Memo—'could have been discovered through the exercise of due diligence.'" D.E. 846, p. 8. The Court noted that the 2007 Study was published online on April 9, 2007, and was a major factor in the Texas Court of Criminal Appeals' grant of habeas relief in a separate, highly-publicized case in which Movant's own expert witness had testified in 2016. *Id.* (citing *Ex parte Mayhugh*, 512 S.W.3d 285

(Tex. Crim. App. 2016)). The Court further reasoned that, if it were to assume the United States could have discovered the 2007 Study before Movant's trial, as Movant urged it to do, then so could Movant and his defense team.

The Court ultimately concluded that: (1) trial counsel's August 21, 2023 letter disclosing the Memo to Movant did not trigger the application of 28 U.S.C. § 2255(f)(4); (2) under 28 U.S.C. § 2255(f)(1), the one-year statute of limitations began to run when Movant's conviction became final on November 21, 2022; (3) his Section 2255 motion was filed more than five months after the statute of limitations expired; and (4) he was not entitled to equitable tolling. Because his motion was barred as untimely, the Court did not consider the merits of his claims.

Movant's current Motion to Alter or Amend Judgment argues that the Court erred in finding that his Section 2255 motion was time barred.

## II. ANALYSIS

### A. Rule 59(e)

The Federal Rules of Civil Procedure apply to federal habeas petitions "only to the extent that [they are] not inconsistent with applicable federal statues and rules." Rule 12, RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS ("2255 RULES").

To prevail on a Rule 59(e) motion, the movant must show at least one of the following: (1) an intervening change in controlling law; (2) new evidence not previously available; or (3) the need to correct a clear or manifest error of law or fact or to prevent

manifest injustice. *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002). "A motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).

In some instances, a defendant bringing a Rule 59(e) motion may run afoul of the prohibition on second or successive motions. *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005) (post-judgment motion pursuant to Rule 60(b) may be construed as second or successive § 2254); *Williams v. Thaler*, 602 F.3d 291, 303 & n. 10 (5th Cir. 2010) (finding 59(e) claim to be second or successive). It is only when a Rule 59(e) or 60 motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," that it does not raise a second or successive claim. *Gonzalez*, 524 U.S. at 532; *United States v. Hernandes*, 708 F.3d 680, 681 (5th Cir. 2013) ("Where a Rule 60(b) motion advances one or more substantive claims, as opposed to a merely procedural claim, the motion should be construed as a successive § 2255 motion."). Procedural defects may include an erroneous ruling that "'precluded a merits determination—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar.'" *In re Coleman*, 768 F.3d 367, 371 (5th Cir. 2014) (quoting *Balentine v. Thaler,* 626 F.3d 842, 846–47 (5th Cir. 2010) (alterations omitted)).

Here, Movant attacks the integrity of the habeas proceeding by alleging that the Court erred in concluding his Section 2255 motion was barred by the statute of limitations. His motion is therefore not successive.

### B. Analysis of Merits

Movant claims the "Court erred by incorrectly calculating the statutory timeline of 28 U.S.C. S 2255(f)(4), in utilizing the wrong activating discovery . . . ." D.E. 848, p. 1. He concedes that everyone "agrees that both the government as well as the defense, had ample access to the facts provided by the Study" at the time of trial, but claims that he "was unable to discover the existence of the government's knowing use of false testimony prior to August 21, 2023, the date on which counsel mailed the Memo." *Id.*, pp. 2, 8.

The Court previously considered and rejected these same arguments in its Memorandum Opinion & Order denying Movant's Section 2255 motion as time barred. Movant has not shown any error in law or fact in the Court's decision, nor does he cite any change in law or present any new argument or evidence that he could not have raised in his prior motion. As such, he fails to meet the requirements of Rule 59(e).

### III. CONCLUSION

For the foregoing reasons, Movant's Motion to Alter or Amend Judgment (D.E. 848) is **DENIED**.

**ORDERED** on May 6, 2025.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE